UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS R. BURGOYNE,

    Plaintiff,                    CIVIL ACTION NO. 09-11056

v.                              DISTRICT JUDGE ARTHUR J. TARNOW
                                  MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on January 2, 2003, alleging that he had become disabled and unable to work on December 12, 2002, at age 36, due to back, buttock and left knee pain as well as obesity. Benefits were denied by the Social Security Administration.  A requested <u>de</u> <u>novo</u> hearing was held on October 11, 2006[1], before Administrative Law Judge (ALJ) Bennett S. Engelman. The ALJ found that the claimant retained the residual functional capacity to perform sedentary work providing a sit-stand

---

[1] An earlier hearing was held on March 3, 2004, before ALJ Engelman, resulting in a decision to deny disability benefits (TR 563).  The Appeals Council remanded the matter in July 2006, for further administrative action to evaluate claimant's subjective complaints and their impact on his residual functional capacity (TR 560-562).

option. The Appeals Council declined to review the ALJ's decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 40 years old at the time of the remand hearing (TR 609). He had been graduated from high school, and had been employed as a welder in the service of the United States Navy during the relevant past (TR 570-571). As a welder, he was required to be on his feet for most of the workday, to frequently bend, reach, climb and crouch, and to lift upwards of 100 pounds on a regular basis (TR 100-101, 574). In July 1999, claimant injured his left leg and back in a workplace accident (TR 572). Plaintiff was honorably discharged from the Navy in 2002. Upon discharge, he received a 100 percent disability pension from the Veterans Administration[2] (TR 615).

Claimant testified that he remained disabled as a result of severe low back, buttock and left leg pain (TR 576). As a result of the pain and resulting inactivity, he has gained nearly 150 pounds (to 345 pounds) since he left military service (TR 611). Plaintiff explained that he was unable to engage in exertional activities (TR 589). He added that he uses a cane, walker and sometimes a wheelchair to get around outside his home (TR 610, 613). Pain medications proved ineffective, and he had to lie down for upwards of 6 hours a day to get any pain relief (TR 614). The claimant indicated that he was not able to perform household chores or go shopping due to back and knee pain (TR 110, 576-577).

A Vocational Expert, Judith Findora, classified Plaintiff's past work as heavy, semiskilled activity, which did not impart any transferable skills (TR 622). The witness

---

[2]At the time of the hearing, Plaintiff was receiving $1920.00 a month in disability benefits from the Veteran's Administration (TR 615).

testified that there were no jobs for claimant to perform if his testimony were fully accepted[3] (TR 626). If he were capable of sedentary work, however, there were numerous unskilled cashier, receptionist and bench assembly jobs that he could perform with minimal vocational adjustment (TR 623). These simple, routine jobs provided a sit-stand option (623-624).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired during the relevant period as result of a disorder of the lumbar spine, left knee pain and obesity, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented him from sitting or standing for prolonged periods. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs providing a sit-stand option, as identified by the Vocational Expert, prior to December 31, 2007, when his insured status expired.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk

---

[3] The witness opined that claimant's alleged inability to concentrate and perform simple routine tasks due to severe back and leg pain would preclude all work activity (TR 627).

**3**

v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

## INSURED STATUS REQUIREMENTS FOR DIB/SSI BENEFITS

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on December 31, 2007, and thus he cannot be found disabled unless he can establish a disability prior to that date.  Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status.  Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988).  In other words, regardless of the seriousness of his present disability, Plaintiff must prove that he was disabled between December 12, 2002, his alleged onset date, and December 31, 2007, when his insured status expired, in order to be entitled to DIB benefits.  Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

The proper inquiry on an application for SSI benefits is whether claimant was disabled on or after the application date. Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993). Thus, Plaintiff had the burden of proving that he was disabled between January 3, 2003, the SSI application date, and April 3, 2007, the date of the ALJ decision, in order to be entitled to SSI benefits.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for sedentary work providing a sit-stand option. Contrary to Plaintiff's assertion, the medical evidence did not support his allegation of totally disabling joint pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

In a report dated December 30, 2003, Dr. Arshad Aqil stated that the claimant did not experience any sensory deficits, and that he could extend and flex his left knee without any problem (TR 483). A straight leg raising test was negative bilaterally (TR 483, 515). Dr. Aqil added that claimant enjoyed full ranges of joint motion, and that prescription medications helped alleviate his pain (TR 487-488). Another examiner, Dr. Nicolas Haddad, reported in December 2004, that claimant's neurological work-up was "unrevealing" (TR 349). Plaintiff did not have any motor deficits (TR 359), and an EMG of the lower extremities showed no findings of an acute neurogenic process (TR 360). While an MRI of claimant's lumbar spine showed a small herniated disc (TR 513-514), there were no signs of lumbosacral radiculopathy (TR 515).

Dr. Haddad opined in December 2003, that Plaintiff had been deemed unemployable by the Department of Veterans Affairs due to chronic narcotic use (TR 492). The treating

doctor indicated that the claimant's pain had markedly improved, and that he was now very active and trying to live a healthy lifestyle (TR 492).  Dr. Haddad pronounced Plaintiff to be "quite functional", as long as he avoided the addictive pain medications that had been prescribed in the past (TR 162-163).  Moreover, there was no objective medical evidence suggesting that he needed to rest frequently throughout the day during the relevant period. The ALJ took into consideration claimant's objectively proven functional limitations by restricting him to routine jobs that provided a sit-stand option.

Contrary to Plaintiff's assertion, the Administrative Law Judge did not fail to follow the directions issued by the Appeals Council in their July 2006 remand order.  The ALJ took into consideration claimant's excessive weight by limiting him to sedentary work that provided the option of sitting or standing at will.  On the other hand, the ALJ was not required to accommodate claimant's alleged need to walk with a cane since no physician of record ever recommended that he use one.  The fact that the Veterans Administration found him to be disabled was not binding on the SSA, as the two federal agencies have different criteria for benefit eligibility[4].  See Bass v. McMahon, 499 F.3d 506, 511 (6th Cir. 2007).

Plaintiff relies heavily upon the fact that Dr. Elmer Foster opined, in June 2003, that he was totally disabled (TR 182). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government.  Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).  However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted

---

[4]In any case, Plaintiff was apparently found disabled by the Veterans Administration due to chronic narcotic use (TR 492).  Drug use cannot serve as a basis for Social Security disability benefits.  42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535 (2009).

**6**

by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence.  Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).  Since Dr. Foster offered no objective evidence to support his June 2003, disability opinion[5], his assessment need not have been given any special weight.  Miller v. Secretary, 843 F.2d 221, 224  (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d  211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs

---

[5]The ALJ rejected the doctor's assessment, setting forth persuasive reasons for doing so. The ALJ noted that Dr. Foster did not provide any objective medical evidence to support his disability opinion (TR 22). Moreover, Drs. Foster and Nowaczyk were not treating doctors, since they evaluated claimant only once prior to rendering their opinion.

**7**

which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled cashier, receptionist and bench assembly jobs that he could perform with minimal vocational adjustment (TR 623).  These simple, routine jobs provided a sit-stand option (623-624). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/Donald A. Scheer
                                            DONALD A. SCHEER
                                            UNITED STATES MAGISTRATE JUDGE

DATED: October 29, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 29, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 29, 2009: **None.**

                                            s/Michael E. Lang
                                            Deputy Clerk to
                                            Magistrate Judge Donald A. Scheer
                                            (313) 234-5217